## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDWARD HAYWOOD PAYNE, JR.,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 23-CV-3460** |
| | : | |
| **DEPARTMENT OF VETERAN** | : | |
| **AFFAIRS INSURANCE CENTER,** | : | |
| **Defendant.** | : | |

### MEMORANDUM

**SÁNCHEZ, C.J.**                                         **NOVEMBER 15, 2023**

*Pro se* Plaintiff Edward Haywood Payne, Jr., sues his employer, the Department of Veteran Affairs Insurance Center, alleging that he was retaliated against for reporting an offensive comment to his human resources department. Payne seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Payne leave to proceed *in forma pauperis* and dismiss his Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Payne will be given an opportunity to cure the deficiencies identified by the Court as to his claims asserted under Title VII by filing a second amended complaint.

## I.    FACTUAL ALLEGATIONS

Payne began employment with the Department of Veteran Affairs Insurance Center (the "Department of Veterans Affairs") on July 18, 2021.[1] (Am. Compl. at 3.) He was a Program Support Clerk in the Death Claims Section. (*Id.*) Almost a year later, on June 14, 2022, he sent an email to Human Resources representative, Colleen McGarry, about an offensive comment

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

made by the Director of Imaging, Joseph Jordan.  (*Id*.)  Payne alleges that Jordan stated that "Juneteenth is a stupid holiday."  (*Id*.)

On February 8, 2023, nearly eight months after sending the email, Payne allegedly had "a second or third conversation" with his union representative, Tanya Garrett Hagins.  (*Id*.)  During that conversation, Payne told Hagins that he believed the Department of Veterans Affairs was "breaking employment laws."  (*Id*. at 4.)  In response, Hagins allegedly "laughed" and "sarcastically asked [whether] these crimes [were] 'felonies' or 'misdemeanors.'"  (*Id*.)  Payne states that he told Hagins, "I paid my dues and I really need your help."  (*Id*.)  Hagins insisted that Payne "remain on the job and deal with this for the sake of the Veterans."  (*Id*.)  In continuing to ask for help, Payne used as an example, "the kid that got help from [his] parents to get an AR-15 and shot up a school."  (*Id*.)  Admitting that it "was not the best example on [his] part," Payne nevertheless stated to Hagins that since "[the kid] got help with that, [can Payne] get help with this?"  (*Id*.)  When Payne then told Hagins that he refused to return to work, Hagins "began sobbing" and stated that Payne "was supposed to be working [but] that she would let [him] go because [he] had threatened the lives of co-workers."  (*Id*.)

Payne apparently resigned from the Department of Veterans Affairs in February of 2023.  (*See* ECF No. 1 at 4.)  Sometime after his resignation, although Payne does not allege when, an arbitration occurred.  (Am. Compl. at 5.)  At the arbitration, Kimberly McNeill stated that "had [Payne] not resigned, his employment would have been terminated for lack of job performance and making terroristic threats."  (*Id*.)  Payne does not allege who McNeill is and whether she is associated with the Department of Veterans Affairs.  Based on these facts, Payne asserts retaliation claims under Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. § 1981 ("Section 1981"), and the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq*. ("PHRA").

Payne states that he filed a complaint with the Equal Employment Opportunities Commission ("EEOC").[2]  (Compl. at 2.)  He seeks money damages, injunctive relief, and reinstatement of his employment.  (*Id.* at 1.)

## II.   STANDARD OF REVIEW

The Court grants Payne leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  As Payne is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8

---

[2] Payne's original submission to the Court, which was construed as his initial Complaint, was comprised of the first page of a standard form civil complaint and an "Appeals Referee Decision" from the Unemployment Compensation Board of Review of the Pennsylvania Department of Labor & Industry.  (*See* ECF Nos. 1 & 4.)  In the Appeals Referee Decision, the Referee states that Payne resigned from his employment with Department of Veterans Affairs. (*See* ECF No. 1 at 4.)  The Court takes judicial notice of the Appeals Referee Decision.  *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (courts may consider "matters of public record" in determining whether a pleading has stated a claim).

F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III.    DISCUSSION

Payne asserts a retaliation claim under Title VII, Section 1981, and the PHRA.[3] Although it is not entirely clear, the Court understands Payne to allege that the Department of Veterans Affairs retaliated against him for complaining to human resources about the Director of Imaging's comment that "Juneteenth is a stupid Holiday." (Am. Compl. at 3.) As set forth below, Payne has failed to state a plausible retaliation claim under any of the three statutes.

### A.    Title VII Claim

Title VII prohibits an employer from retaliating against an employee for opposing any act made unlawful by Title VII, or because he made a charge, testified, assisted, or participated in an investigation, proceeding, or hearing under Title VII. *See* 42 U.S.C. § 2000e-3; *E.E.O.C. v. Allstate Ins. Co.*, 778 F.3d 444, 449 (3d Cir. 2015). To state a plausible retaliation claim under Title VII, the plaintiff must allege facts to show: (1) that he engaged in a protected employment activity; (2) that the employer took an adverse employment action against him; and (3) a causal

---

[3] Plaintiffs pursuing employment discrimination claims in federal court must first exhaust administrative remedies with the EEOC before filing a lawsuit. *See generally Slingland v. Donahoe*, 542 F. App'x 189, 191 (3d Cir. 2013); *Churchill v. Star Enterprises*, 183 F.3d 184, 190 (3d Cir. 1999); 42 U.S.C. § 2000e-5 (setting forth Title VII procedures for exhausting remedies with EEOC). This requires a plaintiff to first file a charge with the EEOC alleging that his or her employer has engaged in an unlawful employment practice. *Itiowe v. NBC Universal Inc.*, 556 F. App'x 126, 128 (3d Cir. 2014) (citing *Occidental Life Ins. Co. of California v. E.E.O.C.*, 432 U.S. 355, 359 (1977)). After investigating, the EEOC will issue a "right-to-sue" letter if it determines that reasonable cause does not exist to pursue the matter. *See id.* The plaintiff may present this right-to-sue letter to the federal court to demonstrate administrative exhaustion. *Id.*; *see also Burgh v. Borough Council of the Borough of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001). Payne alleges that he filed a complaint with the EEOC and exhausted his administrative remedies. He did not attach a copy of any right to sue letter to his Amended Complaint.

link between the protected activity and the adverse employment action.  *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016).

Assuming for purposes of statutory screening that Payne's email to human resources constituted a protected employment activity, Payne fails to allege facts raising a plausible inference that he suffered an adverse employment action.  For retaliation claims under Title VII, an adverse employment action is any action that is "'materially adverse to a reasonable employee'" such that it would "'dissuade [the] reasonable [employee] from making or supporting a charge of discrimination.'"  *Greer v. Mondelez Glob., Inc.*, 590 F. App'x 170, 175 (3d Cir. 2014) (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006)); *see also Fields v. Am. Airlines, Inc.*, -- F. Supp. 3d --, No. 19-903, 2023 WL 6391689, at *20 (E.D. Pa. Sept. 29, 2023) (observing that an adverse employment action in the context of a retaliation claim is broader and covers a "larger class of circumstances" than in the context of a substantive discrimination claim).  Payne does not allege any retaliatory acts by his employer that would dissuade a reasonable employee from making a charge of discrimination.  Instead, he alleges that eight months after he complained to human resources about the offensive comment, he met with a union representative, who "laughed" at his suggestion that his employer was breaking the law, dismissed his request for assistance, and told him that he needed to return to work.  None of these allegations suggest any retaliatory conduct by Payne's employer, the Department of Veterans Affairs, and Payne has not named his union in this lawsuit.[4]

---

[4] The Court notes that administrative exhaustion, including the filing of a charge of discrimination with the EEOC, is also required when discrimination claims are brought against unions.  *See Deans v. Kennedy House, Inc.*, 998 F. Supp. 2d 393, 414 (E.D. Pa.), *aff'd*, 587 F. App'x 731 (3d Cir. 2014).

In addition, Payne alleges that he resigned from his position with the Department of Veterans Affairs.  It is well settled that voluntary resignation does not constitute an adverse employment action.  *Larochelle v. Wilmac Corp*., 769 F. App'x 57, 61 (3d Cir. 2019); *Gunn v. On the Border Acquisitions, LLC*, 298 F. Supp. 3d 811, 823 (E.D. Pa. 2018).  An adverse employment action may be shown, however, with allegations that the plaintiff was constructively discharged.  *See Larochelle*, 769 F. App'x at 61; *Gunn*, 298 F. Supp. 3d at 823.  To state a claim for constructive discharge, a plaintiff must allege facts showing that "the employer knowingly permitted conditions of discrimination in the workplace 'so intolerable that a reasonable employee would be forced to resign.'"  *Seeney v. Elwyn, Inc*., 409 F. App'x 570, 573 (3d Cir. 2011) (*per curiam*) (quoting *Levendos v. Stern Entertainment, Inc*., 860 F.2d 1227, 1230 (3d Cir. 1988)).  Courts consider various factors in determining whether an employee was forced to resign, including whether he:  (1) was threatened with discharge; (2) was encouraged to reign; (3) was demoted or suffered a reduction in pay or benefits; (4) was involuntarily transferred to a less desirable position; (5) had job responsibilities altered; and (6) began receiving unsatisfactory job evaluations.  *See id.*; *see also Colwell v. Rite Aid Corp*., 602 F.3d 495, 502 (3d Cir. 2010).

Payne alleges no facts to support a plausible inference that his employer threatened to discharge him.  Instead, he alleges that *after* he resigned, an arbitration took place – the circumstances and purpose of which are not alleged – and that an individual named Kimberly McNeill stated at the arbitration that even if Payne had not resigned, he would have been terminated for lack of job performance and for making terroristic threats.  (Am. Compl. at 5.)  Payne alleges no other facts to support an inference that he was threatened or encouraged to resign or that the Department of Veterans Affairs knowingly permitted intolerable conditions of discrimination.  Because Payne has not alleged an adverse employment action, he has also not

6

sufficiently alleged the third element of a retaliation claim – a causal link between the protected

activity and adverse employment action.  Accordingly, Payne has not stated a plausible

retaliation claim under Title VII.  This claim will be dismissed.

   **B.     Section 1981 Claims and PHRA Claims**

   Payne also asserts retaliation claims against the Department of Veterans Affairs, a federal

agency, under Section 1981 and the PHRA.[5]   However, "[a]bsent a waiver, sovereign immunity

shields the Federal Government and its agencies from suit."  *FDIC v. Meyer*, 510 U.S. 471, 475

(1994).  With regard to employment discrimination cases, the United States Supreme Court has

held that Title VII "is the exclusive, preemptive administrative and judicial scheme for the

redress of federal employment discrimination."  *Brown v. Gen. Servs. Admin*., 425 U.S. 820, 829

(1976); *see also Reiser v. New Jersey Air Nat. Guard*, 152 F. App'x 235, 239 (3d Cir. 2005)

("The Supreme Court has held that a federal employee's right to seek a remedy for alleged []

discrimination is limited exclusively to Title VII").

   The United States has not waived its sovereign immunity with regard to Section 1981

claims.  *See* 42 U.S.C. § 1981(c) ("The rights protected by this section are protected against . . .

impairment *under color of State law*." (emphasis added)); *U.S. ex rel. Moore v. Koelzer*, 457

F.2d 892, 893 (3d Cir. 1972) ("[A] cause of action for damages does not accrue under 42 U.S.C.

§§ 1981 *et seq.* for an alleged violation of the Act by federal officers acting under color of

federal law.").  Accordingly, Section 1981 claims cannot be maintained against federal

defendants like the Department of Veterans Affairs Insurance Center.  *See Dotson v. Griesa*, 398

---

   [5] The Department of Veterans Affairs Insurance Center, where Payne was employed, is in an office within the Veterans Benefits Administration, which falls under the umbrella of the United States Department of Veterans Affairs.  *See* https://www.vba.va.gov/ro/philly/ (last accessed November 14, 2023).

F.3d 156, 162 (2d Cir. 2005) (holding that Section 1981 claims are proper against state and not federal officials based on the statutory language); *see also Davis-Warren Auctioneers, J.V. v. Fed. Deposit Ins. Corp*., 215 F.3d 1159, 1161 (10th Cir. 2000) (affirming dismissal of § 1981 claim against federal agency); *Garland v. US Airways, Inc*., No. 05-140, 2007 WL 707355, at *8 (W.D. Pa. Mar. 2, 2007) (dismissing Section 1981 claims as "not cognizable against the Federal Defendants as a matter of law"), *aff'd,* 270 F. App'x 99 (3d Cir. 2008).

Similarly, the United States has not waived its sovereign immunity with respect to state anti-discrimination laws like the PHRA.  *See Brown*, 425 U.S. at 829; *Reiser*, 152 F. App'x at 239; *Leitch v. MVM, Inc*., No.03-4344, 2004 WL 1638132, at *7 (E.D. Pa. July 22, 2004) (citing cases); *Welker v. Perdue*, No. 17-230, 2018 WL 1305639, at *3 (W.D. Pa. Mar. 13, 2018) ("Thus, any claim against federal defendants based on the PHRA  must be dismissed for lack of subject matter jurisdiction because the federal government has not waived sovereign immunity with respect to state anti-discrimination laws." (internal quotations omitted)).  Accordingly, PHRA claims cannot be maintained against a federal agency like the Department of Veterans Affairs Insurance Center.  *See Reiser*, 152 F. App'x 235 at 239 (affirming dismissal of claim under New Jersey Law Against Discrimination because a federal employee's right to seek redress for discrimination is exclusive to Title VII); *Rippy v. Pub. Health Mgmt. Corp*., No. 19-1839, 2020 WL 832088, at *6 (E.D. Pa. Feb. 19, 2020) (dismissing plaintiff's PHRA claims asserted against federal defendant); *Welker*, 2018 WL 1305639, at *3 (dismissing PHRA claim against federal defendant on sovereign immunity grounds).

Because the United States has not waived sovereign immunity for Section 1981 and PHRA claims, Payne's retaliation claims under these statutes must be dismissed for lack of subject matter jurisdiction as the Department of Veterans Affairs is a federal agency.

**IV.     CONCLUSION**

For the foregoing reasons, the Court will grant Payne leave to proceed *in forma pauperis* and dismiss his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).  The Title VII claims will be dismissed without prejudice.  The Section 1981 and PHRA claims will be dismissed without prejudice for lack of subject matter jurisdiction.  The Court will permit Payne an opportunity to file an amended complaint in the event he can address the defects the Court has noted as to his Title VII claims.

An appropriate Order follows.

**BY THE COURT:**


**/s/ Juan R. Sánchez**
**JUAN R. SÁNCHEZ, C.J.**