IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD HAYWOOD PAYNE, JR., | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 23-CV-3460 |
| | : | |
| DEPARTMENT OF VETERAN | : | |
| AFFAIRS INSURANCE CENTER, | : | |
|     Defendant. | : | |

## ORDER

AND NOW, this 15th day of November, 2023, upon consideration of Plaintiff Edward

Haywood Payne, Jr.'s Motion to Proceed *In Forma Pauperis* (ECF No. 6), and Amended

Complaint (ECF No. 7) it is **ORDERED** that:

1.    Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2.    The Amended Complaint is **DEEMED** filed.

3.    The Amended Complaint is **DISMISSED WITHOUT PREJUDICE** for the

reasons stated in the Court's Memorandum, as follows:

    a.  The Title VII claims are **DISMISSED WITHOUT PREJUDICE**.

    b.  The Section 1981 and PHRA claims are **DISMISSED WITHOUT**

        **PREJUDICE** for lack of subject matter jurisdiction.

4.    Payne may file a second amended complaint within thirty (30) days of the date of

this Order to address the defects the Court has noted as the Title VII claims only.  Any second

amended complaint must identify all defendants in the caption of the second amended complaint

in addition to identifying them in the body of the second amended complaint and shall state the

basis for Payne's claims against each defendant.  The second amended complaint shall be a

complete document that does not rely on the initial Complaint, the Amended Complaint, or other

papers filed in this case to state a claim.  When drafting his second amended complaint, Payne

should be mindful of the Court's reasons for dismissing the claims in his Amended Complaint as

explained in the Court's Memorandum.  **Payne should not attempt to reassert claims under**

**Section 1981 or the PHRA**.  Upon the filing of a second amended complaint, the Clerk shall not

make service until so **ORDERED** by the Court.

5.      The Clerk of Court is **DIRECTED** to send Payne a blank copy of this Court's

current standard form to be used by a self-represented litigant filing an employment

discrimination action bearing the above-captioned civil action number.  Payne may use this form

to file his second amended complaint if he chooses to do so.[1]

6.      If Payne does not wish to file a second amended complaint and instead intends to

stand on his Amended Complaint as originally pled, he may file a notice with the Court within

thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a

final order dismissing the case.  Any such notice should be titled "Notice to Stand on Amended

Complaint," and shall include the civil action number for this case.  *See Weber v. McGrogan*,

939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an

appropriate notice with the district court asserting his intent to stand on the complaint, at which

time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*,

532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d

Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with

prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those

---

[1] This form is available on the Court's website at
https://www.paed.uscourts.gov/sites/paed/files/documents/forms/frmcempf.pdf.

claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

7.      If Payne fails to file any response to this Order, the Court will conclude that Payne intends to stand on his Amended Complaint and will issue a final order dismissing this case.[2]  *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

**BY THE COURT:**

**/s/ Juan R. Sánchez**
**JUAN R. SÁNCHEZ, C.J.**

---

[2] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on her complaint.  *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (*per curiam*).  Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend her complaint, leaving the case without an operative pleading.  *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (*per curiam*) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).